Case 12-01886-DHS    Doc 1    Filed 08/31/12    Entered 08/31/12 14:31:14    Desc Main
Document      Page 1 of 6

NANCY ISAACSON, ESQ. (NI/1325)
THOMAS A. WALDMAN, ESQ. (TW/7147)
GREENBAUM, ROWE, SMITH & DAVIS LLP
75 Livingston Avenue, Suite 301
Roseland, New Jersey 07068-3701
(973) 535-1500
Attorneys for Nancy Isaacson, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------X
In re:                                          :
                                                :       CASE NO. 12-13917(DHS)
JOSE C. ESPINOSA                                :
                                                :       Chapter 7
                    Debtor.                     :
------------------------------------------------------X
                                                :
NANCY ISAACSON                                  :       Adv. Pro. No.
 Chapter 7 Trustee for the Estate               :
 of Jose C. Espinosa,                           :
                                                :
                    Plaintiff,                  :
vs.                                             :
                                                :
KENIA ESPINOSA,                                 :
                                                :
                    Defendant.                  :
------------------------------------------------------X

**ADVERSARY COMPLAINT FOR AVOIDANCE OF FRAUDULENT
TRANSFER PURSUANT TO 11 U.S.C. §544(b), 548(a) and 550(a)**

**NANCY ISAACSON**, the duly appointed and acting Chapter 7 Trustee ("Plaintiff" or "Trustee") of the bankruptcy estate of Jose C. Espinosa, having a post office address of c/o Greenbaum Rowe Smith & Davis, LLP 75 Livingston Ave., Suite 301, Roseland, New Jersey 07068, by and through her counsel, for her Complaint against Defendant, Kenia Espinosa, states:

## JURISDICTION AND VENUE

1. Debtor, Jose C. Espinosa ("Debtor"), filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code") on February 17, 2012 (the "Petition Date").

2. Plaintiff was then appointed as Chapter 7 Trustee pursuant to 11 *U.S.C.* § 701 on or about February 21, 2012.

3. This court has jurisdiction of the subject matter pursuant to 28 *U.S.C.* §§157 and 1334.

4. This is a core proceeding over which this court has jurisdiction pursuant to 28 *U.S.C.* §§157(b)(2)(A), (E), and (H).

5. The venue is proper in this core proceeding pursuant to 28 *U.S.C.* §1409.

6. This matter is brought pursuant to the equitable powers of the court under 11 *U.S.C.* §§105(a), 544(b), 548(a), 550(a) and Bankruptcy Rule 7001 *et seq.*

7. Defendant, Kenia Espinosa ("Defendant"), residing at 500 North Union Avenue, Cranford, New Jersey 07016 is the wife of Debtor.

## BACKGROUND

8. Plaintiff reasserts each and every allegation set forth in all preceding paragraphs of this Complaint as though fully set forth herein.

9. On or about January 13, 2011, -Debtor sold and assigned one of his assets, his fractional interest in a certain mortgage made by Erick J Salgado and Sonia M. Salgado, mortgagors, to Milton Fonseca for $80,000.00 ("Mortgage Assignment Proceeds").

10. In or about April, 2011, Debtor transferred to Defendant, approximately

$50,000 of the Mortgage Assignment Proceeds (the "Transfer"). The purpose of the Transfer was to provide Defendant with start-up capital for a business entity, PTY Lighting LLC, a New Jersey Limited Liability Company, which was formed by Defendant on or about April 20, 2011.

10. Debtor received no consideration for the Transfer.

### FIRST COUNT

11. Plaintiff reasserts each and every allegation set forth in all preceding paragraphs of this Complaint as though fully set forth herein.

12. Upon information and belief, Debtor made the Transfer to Kenia Esposito with the intent to hinder, delay or defraud his creditors, and/or received less than reasonably equivalent value in exchange for the Transfer and was insolvent at the time that the transfer was made, or became insolvent upon making the transfer.

13. As a result of Debtor's actions, the Transfer is fraudulent pursuant to 11 *U.S.C.* § 548(a), and may be avoided by Plaintiff.

14. Pursuant to 11 *U.S.C.* § 550(a) Plaintiff may recover from Defendant the value of the Transfer for the benefit of the bankruptcy estate of Debtor.

**WHEREFORE**, the Trustee/Plaintiff demands judgment against Defendant as follows:

a. Determining that the Transfer is fraudulent pursuant to 11 *U.S.C.* § 548(a);

b. Ordering that the Transfer be avoided;

c. Directing that Defendant pay to Plaintiff the value of the Transfer, $50,000.;

    d.    Awarding costs of suit:

    e.    Awarding interest; and

    f.    Granting such other and further relief as the Court deems just and equitable.

## SECOND COUNT

15.    Plaintiff reasserts each and every allegation set forth in all preceding paragraphs of this Complaint as though fully set forth herein.

16.    Debtor did not receive reasonably equivalent value in exchange for the Transfer.

17.    Debtor was insolvent when the Transfer was made or became insolvent as a result of the transfer.

18.    Pursuant to 11 *U.S.C.* § 544(b) Plaintiff may avoid the Transfer, as could any creditor, in accordance with applicable law.

19.    As a result of Debtor's actions, the Transfer is fraudulent pursuant to *N.J.S.A.* 25:2-27(a).

20.    Pursuant to 11 *U.S.C.* § 550(a), Plaintiff may recover from Defendant the full value of the Transfer for the benefit of the bankruptcy estate of Debtor.

    **WHEREFORE**, the Trustee/Plaintiff demands judgment against Defendant as follows:

    a.    Determining that the Transfer is fraudulent pursuant to *N.J.S.A.* 25:2-27(a);

    b.      Ordering that the Transfer be avoided;

    c.      Directing that Defendant pay to Plaintiff the value of the Transfer, $50,000.;

    d.      Awarding costs of suit:

    e.      Awarding interest; and

    f.      Granting such other and further relief as the Court deems just and equitable.

**GREENBAUM ROWE SMITH & DAVIS, LLP**

By:   /s/ Nancy Isaacson
       NANCY ISAACSON

By:   /s/ Thomas A. Waldman
       THOMAS A. WALDMAN, ESQ.

Dated: August 31, 2012